**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**　　　　　　　　　　　　　　　　　**Case No: 3:01cr83/LAC
3:05cv130/LAC/MD**

**KARL BETTERTON**

---

**ORDER and
REPORT AND RECOMMENDATION**

**This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 308), motion to proceed *in forma pauperis* (doc. 309) and motion for appointment of counsel. (Doc. 310). Defendant's motion to proceed *in forma pauperis* is denied as moot as no filing fee is required for motions pursuant to 28 U.S.C. § 2255. Defendant's motion for appointment of counsel is also denied, as there is no right to counsel in collateral proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 554, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). In addition, the motion is subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.**

Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine on November 27, 2001 and was sentenced to a term of 328 months imprisonment.  He did not appeal, and his sentence was subsequently reduced to 164 months pursuant to the government's Rule 35 motion on October 17, 2002.  (Doc. 249).  Nothing further was filed by or with respect to this defendant until the instant motions were filed.  In his § 2255 motion defendant essentially contends that he is entitled to have his sentence vacated or set aside based on the recent Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738, 2005  WL 50108 (2005).

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section.   The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  Defendant's motion is therefore facially untimely.

As noted above, defendant maintains in his grounds for argument that he is entitle to relief based on *United States v. Booker*, *supra*, because he received various guidelines sentence adjustments without a jury determination of the facts underlying these adjustments.  If the right asserted by defendant, the right to have a jury determine all facts legally essential to his sentence even though he entered a guilty plea, was newly recognized by the Supreme Court in *Booker*, <u>and</u> made

retroactively applicable to cases on collateral review, the one year statute of limitation would run from the date of the *Booker* decision.  However, this is not the case.

In the seminal case of *Apprendi v. New Jersey*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.").

As clarified in *Blakely*[1]:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  See Ring, supra*, at 602, 122 S.Ct. 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, at 483, 120 S.Ct. 2348)) . . . .  In other words, the relevant "statuory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  This does not mean, however, that *Booker* can be applied to cases in which the conviction is final, a fact

---

[1]*Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

which is crucial to the court's consideration of the instant motion.  Both language within *Booker*, discussed *infra*, and Supreme Court precedent indicate otherwise.

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) the Supreme Court held that the Sixth Amendment's guarantee of the right to a jury trial applied to the states.  In *DeStephano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) the Court held that *Duncan* would not be given retroactive application - that it applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the right to a jury trial was fundamental to our system of justice, but that a trial without a jury would not necessarily result in an inaccurate verdict.  Therefore, it would not be necessary to grant a new trial to every person convicted without a jury.

In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) the Supreme Court held that only a jury, not a judge, could make findings on the aggravating factors necessary to invoke the death penalty.  In *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) the Court held that *Ring* applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the rule announced in *Ring* was a procedural rule, not a substantive one, because it did not define an element of a crime.  Rather, it determined the manner in which fact finding is done. The *Schriro* Court relied on *DeStephano*, *supra*, noting that "[i]f . . . a trial held entirely without a jury was not impermissibly inaccurate, it is hard to see how a trial in which a judge finds only aggravating factors could be."  124 S.Ct. at 2526.

This is instructive on the application of *Booker*.  The *Booker* Court expressly noted that its holding was to be applied retroactively to "all cases ... pending on direct review or not yet final."  *Booker* at *29.  It did not announce that the new rule would apply retroactively for cases on collateral attack, such as this one.  This reasoning necessarily follows from *DeStephano* and *Schriro*.  In those cases the Court held that it was not impermissibly inaccurate to conduct a criminal trial

entirely without a jury, or for a judge alone to find aggravating factors necessary to trigger a death sentence.  Based on those holdings, it is difficult to conclude that a hearing in which a judge finds only aggravating factors that result in an increased sentence could be impermissibly inaccurate.  See *Schriro,* 124 S.Ct. at 2526.

Moreover, the *Booker* Court cited prior precedent with approval, stating that "[T]he constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment."  *Booker,* 2005 WL 50108 at *14 (citations omitted).  The significance of this is that unlike substantive rules, new rules of procedure generally are not retroactive.  *Schriro v. Summerlin,* __ U.S. __, 124 S.Ct. 2519, 2523, 2526, 159 L.Ed.2d 442 (2004) ("[I]t does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the [prosecution] faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.").

Finally, the Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review.  *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly).  Therefore, for the purposes of the instant motion, the applicable limitations period was not started anew when *Booker* was decided.  Since *Booker*'s effect on sentencing guidelines cases is not retroactive on collateral review, it is not applicable to this § 2255 motion.  Furthermore, defendant's motion does not fall within any of the other exceptions to the one year time limitation and it must therefore be dismissed as untimely.

Accordingly, it is ORDERED:

Defendant's motion to proceed *in forma pauperis* (doc. 309) is denied as moot.

Defendant's motion for appointment of counsel (doc. 310) is denied.

**And it is respectfully RECOMMENDED:**

**The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 308)  be summarily DISMISSED as untimely.**

**At Pensacola, Florida, this 15th day of April, 2005.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**